THE SUFFOLK FIRE INSURANCE COMPANY & another *vs.* JOSEPH BOYDEN.

If the interest of a mortgagee in possession has been insured *eo nomine*, at his own expense, the insurers, in case of a loss by fire before the mortgage debt is paid, cannot, upon an offer to pay the loss and the amount due on the mortgage above the loss, maintain a bill in equity to have the mortgage assigned to them, and to be subrogated to the rights and remedies of the insured under the mortgage.

BILL IN EQUITY setting forth that the Suffolk Fire Insurance Company and the Dorchester Fire Insurance Company insured a building and the machinery in it, situated in Worcester, from May 1st 1863 to May 1st 1864; that the premiums were paid by the defendant, who was the mortgagee in possession, and so described in the policies; that the premises insured were destroyed by fire during the continuance of said policies; that the plaintiffs have offered to pay said loss to the defendant, and also the amount due on the mortgage above the loss, if any, and have requested the defendant upon such payment to assign the mortgage to them, or to hold the same for their benefit, which he has refused to do. The prayer of the bill was for an answer, an account of the rents and profits and the loss, that a trust might be decreed in favor of the plaintiffs as to said mortgage, that they might be subrogated to the rights and remedies of the defendant under the same, for an assignment

and for further relief. The policies were annexed to the bill, and each of them contained the following provision : "And whenever this company shall pay any loss, the assured agrees to assign over all his rights to recover satisfaction therefor from any other person or persons, town or other corporations."

The answer of the defendant admitted the mortgage, the possession, the insurance and the loss, as stated in the bill; alleged, with other facts not now material, that the policies were made for his benefit as mortgagee and not for the mortgagor; that his loss, and also the amount due on the mortgage, exceeded the insurance, and denied the right of the plaintiffs to an account or to have the mortgage assigned to them.

The case was heard upon the bill and answer, and reserved by *Chapman*, J. for the consideration of the whole court.

*D. Foster*, for the plaintiffs. The defendant obtained insurance as mortgagee in possession, *eo nomine*, and from such insurance the mortgagor can derive no benefit; *White* v. *Brown*, 2 Cush. 416 ; and the mortgagee can recover only the amount of his debt at the time of the fire, that being the extent of his insurable interest. The insurers, upon payment of the loss and the balance due under the mortgage, are entitled in a court of equity to subrogation to the mortgaged security. Fire and marine insurance are contracts of indemnity, but life insurance is not. *Dalby* v. *India & London Ass. Co.* 15 C. B. 365. *Loomis* v. *Eagle Ins. Co.* 6 Gray, 396, and cases like that are inapplicable. Subrogation of the insurer to the rights of the assured against third parties has been enforced by this court, even in actions at law. *Hart* v. *Western Railroad*, 13 Met. 105. *Trask* v. *Hartford & New Haven Railroad*, 2 Allen, 331. Subrogation in courts of equity depends upon principles of natural justice and not upon contract. Adams on Eq. 269. *Wilcox* v. *Fairhaven Bank*, 7 Allen, 272. The leading cases on the subject establish its applicability. *Randal* v. *Cockran*, 1 Ves. Sen. 98. *Blaauwpot* v. *Da Costa*, 1 Eden R. 130. *Mason* v *Sainsbury*, 3 Doug. 61. *Clark* v. *Blything*, 2 B. & C 254. *Quebec Ass. Co.* v. *St. Louis*, 7 Moore P. C. 286. *Gracie* v. *N Y. Ins. Co.* 8 Johns. 245. *Atlantic Ins. Co.* v. *Storrow*, 5 Paige 285. *Ætna Ins. Co.* v. *Tyler*, 12 Wend. 507. *Carpenter* v

*Prov. Wash. Ins. Co.* 16 Pet. 501. *Smith* v. *Columbia Ins. Co.* 17 Penn. State R. 260. *Ins. Co.* v. *Woodruff,* 2 Dutcher, 551 *Kernochan* v. *N. Y. Bowery Ins. Co.* 5 Duer R. 5 ; S. C. 18 N. Y. 428. *King* v. *State Ins. Co.* 7 Cush. 1, is not an authority against the relief sought by the present bill, because the reasoning of the opinion was not necessary to the judgment; it was a suit at law. The doctrine of that opinion is by Chief Justice Shaw limited to cases where the mortgagee insures generally as owner, and not specially as mortgagee, and unless that distinction is adhered to, the case is opposed to overwhelming authorities, and particularly to *Hart* v. *Western Railroad Corp.* and other similar cases in our own state.

*E. Mellen,* for the defendant, cited, in addition to some of the cases cited by the plaintiffs' counsel, *Foster* v. *Equitable Ins. Co.* 2 Gray, 216 ; *Saunders* v. *Frost,* 5 Pick. 270.

HOAR, J. The only distinctions that are suggested between the case at bar and *King* v. *State Ins. Co.* 7 Cush. 1, are these : 1. That this is a suit in equity, and that was a suit at law ; 2. That here the insurance is expressly made upon the interest of the assured as mortgagee, while there it was upon his interest in the property, which was only that of a mortgagee, without disclosing its precise character ; and 3. That the decision of the question upon which this case depends was not necessary to the judgment rendered in the other.

We do not think it expedient or desirable to revise the case of *King* v. *State Ins. Co.,* or to restate the argument so fully presented by the late chief justice in giving the opinion of the court. That case was very fully considered ; and although it has been subjected to some adverse criticism, we find no reason for dissatisfaction with its principles or conclusions. On the contrary, the objections which have been urged against it seem to us to rest upon misapprehension, and we think that the doctrines there stated are and ought to be the settled law of·this commonwealth.

It was decided upon the ground that an insurance by a mortgagee of his interest in the mortgaged property is not an insurance of the debt, although the amount of the debt is the measure of his insurable interest in the property. There is no

privity of contract between the insurer and the mortgagor, but each has a contract with the mortgagee separate and independent from the other. The mortgagee cannot charge to the mortgagor the premiums which he pays for insurance; and it is conceded that, *e converso*, the mortgagor can derive no benefit from the insurance in case of loss. *White* v. *Brown*, 2 Cush. 416. But why should not the mortgagor have the benefit of the insurance? The equitable argument in his favor would seem to be at least as strong as that in favor of allowing the insurer the advantage of a subrogation of the debt. The whole interest of the mortgagee in the property, in its inception, and while it continues, is only for the purpose of indemnity. He takes it as a security from which he may recover what is due to him, if the debt is not paid. If the insurer pays a loss by fire, equal to the whole debt, the mortgagee receives, through his title to the property held as a security, the amount of his debt, excepting only the premium paid, which may be a very trifling proportion of it. The mortgagor has lost the same amount. Why should not the mortgagor pay the premium, and be entitled to treat the debt as cancelled? The sufficient answer is, because the insurance is a wholly collateral contract, which the law allows the mortgagee to make, and with the result of which the mortgagor has no concern. The whole consideration proceeds from the mortgagee. If there is no loss by fire, he loses the whole amount of premiums paid, without any claim upon the mortgagor for compensation. The premiums paid are intended to be a just equivalent for the sum to be received on the happening of the contingent event. The larger sum to be received if the event happens, is fixed in a just proportion to the chances that it will not happen, and that the premium will have been paid without any return. It would be manifestly unjust that the mortgagor should have the advantage of an indemnity, when he has borne no part of the expense of obtaining it.

On the other hand, the insurer has received a full equivalent for the loss which he is called on to pay. Why should he receive his premium, and subject the mortgagee to the loss of it if no fire occurs, giving him no corresponding advantage in case a fire happens? The debt, as between the insurer and the

mortgagee, is as purely a collateral contract as is the insurance when considered in relation to the mortgagee and mortgagor. It is urged that insurance is a contract of indemnity. But what is an indemnity must be determined by a correct application of the word to the subject matter. The insurance is against a loss by fire of property in which the insured has, at the time of the insurance and at the time the loss happens, an insurable interest. If the insurer pays no more than the value of the property destroyed, no more than the sum insured upon it, and no more than the interest of the insured at the time of the loss, he pays no more than an indemnity under his contract. That the loss may, by means of other contracts of a collateral character, or indirectly, give the insured an advantage, is of no consequence. Could there be a more exact indemnity in any case of loss by fire, than if the insurer should replace the property burned, when its value does not exceed the sum insured, nor the insurable interest of the holder of the policy? Yet what claim would the insurer who should rebuild have to an assignment to him of the mortgage debt?

Again, there are incidents to a mortgagee's estate, which may give him, as the proceeds of his mortgage, a larger value than his mere debt. He may foreclose his mortgage, and thus acquire an absolute title to property of far greater value than the amount due him.

But, without extending the discussion, it is sufficient to say, that the doctrine which we now reaffirm was one of the grounds upon which the decision in *King* v. *State Ins. Co.* was expressly made to rest; that the conclusion, that the insurer has no interest in the mortgage debt, is as decisive against his claim n equity as at law; and that if the title of the insured was that of a mortgagee, it is immaterial whether it was insured *eo nomine* or otherwise.

The agreement in the policies, that in case of the payment of a loss the insured will assign to the insurers " all his rights to recover satisfaction therefor from any other person or corporaation," does not affect this case, because the mortgage debt is not in any sense a right to recover satisfaction for the loss by fire.    *Bill dismissed with costs.*